**MEADOWS, n.k.a. Taylor, Appellee,**

**v.**

**MEADOWS, Appellant.**

[Cite as *Meadows v. Meadows* (1992), 73 Ohio App.3d 316.]

Court of Appeals of Ohio,
Hancock County.

No. 5–91–22.

Decided March 5, 1992.

*Keithley B. Sparrow,* for appellee.

*Brimley, Kostyo & Elliott* and *John F. Kostyo,* for appellant.

HADLEY, Presiding Judge.

This is an appeal from a judgment of the Hancock County Common Pleas Court, dated May 22, 1991, which overruled defendant-appellant Richard Meadows' motion for an order finding that no child support arrearages are due plaintiff-appellee Virginia Meadows, n.k.a. Virginia Taylor.

The record reflects that in July 1973 Richard Meadows ("Richard") and Virginia Meadows Taylor ("Virginia") were married in Van Nuys, California and, thereafter, had two children, Michael born in 1976 and Patrick born in 1979. In August 1982 Virginia left the state of California with both of the children and came to Ohio.

In February 1983 Virginia filed for divorce in the Common Pleas Court of Hancock County, Ohio and sought temporary alimony, custody and child support. As Virginia asserted that Richard's present California address was unknown, service was allegedly obtained by publication in The Courier, a daily newspaper published in Hancock County, Ohio. In June 1983 the Hancock County Court of Common Pleas granted Virginia a divorce, custody of both children and child support in the amount $50 plus poundage, per week, for the support of each of the minor children.

In March 1985, Virginia filed a motion for contempt of court with the Hancock County Common Pleas Court for Richard's failure to comply with the child support order and a hearing was set for April 1985. Richard was duly

served by certified mail in California, however, he made no appearance in person or by counsel and the court granted Virginia's motion.

Two days after this hearing, Richard, through counsel in California, filed what was denominated as a "Motion For Contempt" with the Hancock County Court of Common Pleas, challenging its personal jurisdiction by asserting that Virginia had always known of his whereabouts and that, as he had no notice of the 1983 divorce proceedings, any money judgment therefrom did not apply to him. In May 1985 the court overruled Richard's motion and issued a judgment finding him in arrears in the amount of $9,600 and a bench warrant was issued for his arrest.

In September 1986 Richard, through special appearance with Ohio counsel, filed a motion to quash the bench warrant and vacate the 1983 child support order for want of personal jurisdiction. In May 1987 the trial court, upon its own motion, filed a judgment entry dismissing the case for want of prosecution.

In March 1988, in response to a URESA action which had been filed in 1986, the Superior Court for the County of Los Angeles issued a judgment entry finding the 1983 Ohio support judgment invalid, as the state of Ohio had no in personam jurisdiction over Richard, a California resident. The Los Angeles court stated that, under California law, Richard owed nothing in child support arrearages and then ordered Richard to pay a total of $210 per month in child support.

In May 1988 Richard filed another motion to quash the bench warrant and for an order finding no arrearages in child support, based on the Los Angeles judgment. The trial court responded with an entry quashing and terminating the warrant but made no ruling as to the child support.

In November 1990, Richard again made a special appearance through counsel to file a motion for an order finding no child support arrearages, purportedly in view of the fact that the Ohio child support enforcement authorities procured the assistance of the IRS to collect the disputed arrearages. In May 1991, after an oral hearing on the matter, the court overruled Richard's motion, stating:

" * * * Having obtained jurisdiction over the subject matter, the family and the persons and all matters pertaining to parental duties toward the children, this Court has continuing jurisdiction.

"While the California Court had the power under a Uniform Reciprocal action to enter any support order it found reasonable under California law, it must give full faith and credit to the judgment of the Court of Common Pleas of Hancock County, Ohio."

Richard now appeals from the foregoing judgment asserting three assignments of error.

## Assignment of Error No. 1

"The trial court erred as a matter of law by holding that an Ohio court judgment obtained by Virginia Meadows Taylor against Richard Meadows is entitled to full faith and credit absent sufficient minimum contacts to exert personal jurisdiction."

## Assignment of Error No. 2

"The trial court erred as a matter of law in its holding that the notice by publication was sufficient to make an award for the support of the children since personal service must be obtained in awarding a money judgment."

Richard's first and second assignments of error will be addressed together, as both go to the sole issue of whether service by publication was sufficient to clothe the Hancock County Court of Common Pleas with in personam jurisdiction in order to make an award of child support.

■ The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires that a valid judgment imposing a personal obligation or duty in favor of the plaintiff may be entered only by a court having jurisdiction over the person of the defendant. *Pennoyer v. Neff* (1877), 95 U.S. 714, 24 L.Ed. 565; and *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95.

Moreover, the Supreme Court, citing *International Shoe Co., supra,* has stated that for a defendant to be bound by a judgment against him, he must "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Kulko v. California Superior Court* (1978), 436 U.S. 84, at 92, 98 S.Ct. 1690, at 1696–1697, 56 L.Ed.2d 132, at 141–142. The *Kulko* court further emphasized, at 93–94, 98 S.Ct. at 1698, 56 L.Ed.2d at 142:

" 'The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. * * * [I]t is essential in each case that there be some act by which the defendant purposefully avails [him]self of the privilege of conducting activities within the forum State. * * *' *Hanson v. Denckla, supra* [357 U.S. 235], at 253 [78 S.Ct. 1228, at 1240, 2 L.Ed.2d 1283, at 1298]' "

For this reason, it has been held that a trial court can not make awards of child support, being essentially money judgments, absent the requisite in personam jurisdiction over the defendant. See *Sutovich v. Sutovich* (1964), 120 Ohio App. 473, 29 O.O.2d 371, 200 N.E.2d 716; and *Noble v. Noble*

(C.P.1959), 80 Ohio Law Abs. 581, 160 N.E.2d 426. The syllabus in *Sutovich* reads:

"Service of summons by publication in a divorce action, not accompanied by any appearance of the defendant for the purpose of contesting the issues raised by the petition, is not sufficient to clothe the court with jurisdiction to decree the payment of money, either by way of support for minor children or by way of alimony."

However, it is important to note that a judgment in the form of child support and alimony can be awarded as part of a valid divorce decree where the court obtains jurisdiction over the real or personal property of the defendant and, in essence, transforms the nature of the award to in rem or quasi in rem. See *Reed v. Reed* (1929), 121 Ohio St. 188, 167 N.E. 684.

In the case *sub judice,* based on the foregoing authority, it is clear that the Hancock County Court of Common Pleas lacked the necessary personal jurisdiction over Richard Meadows in order to make an award for child support. Accordingly, as we find that *Kulko, supra,* is dispositive on the matter (see, also, *Brown v. Pugh* [June 29, 1989], Hancock App. No. 5–87–45, unreported, 1989 WL 77017), the child support award found in the 1983 judgment of divorce is void for lack of personal jurisdiction.

The following uncontroverted evidence demonstrates the fact that Richard Meadows had no "minimum contacts" with the forum state as the Due Process Clause requires. Richard had been and remains a resident of the state of California. He and Virginia were married, and continued to raise their family in California. Virginia moved herself and the children to the state of Ohio of her own volition. Other than a two-day visit in 1975 and again in 1977, Richard Meadows has never been to the state of Ohio. Richard has never conducted any business in Ohio nor does he own any property here.

There was simply no act by which Richard Meadows purposefully availed himself of the privilege of conducting activities within Ohio, the forum state. We believe that to find otherwise would be unreasonable and "offend traditional notions of fair play and substantial justice."

Accordingly, as we hold that the trial court committed prejudicial error in overruling appellant Richard Meadows' motion for an order finding that no child support arrearages were due appellee Virginia Meadows Taylor, appellant's first and second assignments of error are sustained.

### Assignment of Error No. 3

"The trial court erred as a matter of law in its holding the notice by publication was sufficient since the notice failed to meet the requirement pertaining to service by publication in Civ.R. 4.4(A)."

In Richard's third assignment of error it is alleged that service was defective in that the 1983 service by publication was not in accordance with Civ.R. 4.4(A). Specifically, Richard points to the fact that Civ.R. 4.4(A) makes it mandatory that the last known address of a defendant be included in the notice of publication while the 1983 notice that Virginia placed in The Courier failed to include any such information.

In *Northland Dodge, Inc. v. Damachi* (1978), 56 Ohio App.2d 262, 10 O.O.3d 273, 382 N.E.2d 779, syllabus, the court stated:

"The requirement in Civ.R. 4.4(A), pertaining to service by publication, that the last known address of a defendant be included in the publication is mandatory, and a failure to include such information in the notice will result in defective service."

The court went on to pronounce that as service by publication is a last resort device, it will be strictly enforced, and that the purpose of including the last known address is to facilitate possible notice because a local person could more easily identify and notify a defendant of the suit. *Id.* at 264, 10 O.O.3d at 274-275, 382 N.E.2d at 780-781. See, also, *Demianczuk v. Demianczuk* (1984), 20 Ohio App.3d 244, 20 OBR 305, 485 N.E.2d 785.

Moreover, it is well settled that "[w]here it is apparent on the face of the record that all the statutory steps have not been complied with in attempting a service by publication, and there has been no entry of appearance, a court is without jurisdiction; a judgment based upon such faulty service is void *ab initio* * * *." 76 Ohio Jurisprudence 3d (1987) 358, 359, Process, Section 76.

Similarly, in *Wiley v. Wiley* (Nov. 15, 1988), Shelby App. No. 17-87-15, unreported, 1988 WL 122552, upon finding that the plaintiff had obtained an uncontested divorce without meeting the statutorily mandated residency requirement, we stated:

" * * * Absent jurisdictional power a court has no authority to act. Any attempt to do so is void and may be questioned at any time." *Id.* at 4.

" * * * Where by law a plaintiff may not commence an action until a condition has been met, the court may not proceed and the court cannot acquire jurisdiction over the subject matter." *Id.* at 6.

In the case *sub judice*, it is evident after reviewing the 1983 notice of publication that Richard's last known address was not included as required by Civ.R. 4.4(A). Seeing that Virginia moved from California only six months earlier, she clearly knew some address were Richard had last lived, even if that was their marital address.

Thus, based on the foregoing authority, we have no choice but to find that the failure to include such information resulted in defective service and that

any judgment arising therefrom is void *ab initio*.  Therefore, Richard's third assignment of error is sustained.

Accordingly, as appellant's first, second and third assignments of error are well taken, the judgment is reversed and the cause is remanded to the trial court for judgment in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

EVANS and THOMAS F. BRYANT, JJ., concur.