[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 202.]

THE STATE EX REL. MONTGOMERY, ATTY. GEN., APPELLEE, *v.* R & D CHEMICAL COMPANY ET AL., APPELLANTS.

[Cite as *State ex rel. Montgomery v. R & D Chemical Co.*, 1995-Ohio-21.]

*Appellate procedure—Appellant bears burden of preparing transcript for inclusion in record—Procedural infirmities—Case to be decided on merits nevertheless, where appellant fails to properly file trial transcript, when.*

(No. 94-319—Submitted March 21, 1995—Decided May 17, 1995.)

APPEAL from the Court of Appeals for Morrow County, No. CA-792.

_____

{¶ 1} The facts and procedural posture of this appeal can be gleaned from appellants' brief and portions of the record properly before this court.

{¶ 2} Appellant R & D Chemical Company ("R & D Chemical") sold a machine/system known as the RM 2000 Chrome Removal System ("RM 2000"). Appellant Dr. John Cunningham is a shareholder of R & D Chemical and has served as president of the company.

{¶ 3} The RM 2000 was sold primarily to electroplating companies. When combined by these companies with a chemical compound, the RM 2000 produced a substance, barium chromate (also referred to as RD-344). Pursuant to a contractual arrangement between R & D Chemical and the companies that purchased the system, the companies would remove the RD-344 from the RM 2000 system and R & D Chemical would then remove, transport and store the RD-344 in drums at its facility in Mansfield, Ohio. According to R & D Chemical, RD-344 was a marketable product.

{¶ 4} In March 1989, appellee, the Attorney General for the state of Ohio, filed a twenty-one count complaint against appellants and Noble Cunningham, an employee of R & D Chemical. In the complaint, appellee alleged, among other

things, that the defendants stored, treated and disposed of hazardous waste in violation of the state's hazardous waste laws.

{¶ 5} The case proceeded to a bench trial. The trial court made extensive findings of fact and conclusions of law and entered judgment in favor of appellee on all counts. The court assessed a fine of $50,000, finding each defendant to be jointly and severally liable for the fine imposed. The trial court also ordered defendants permanently enjoined from treating, storing, transporting or disposing of RD-344. The court further required that defendants submit a closure plan for the Mansfield facility, and that they provide financial assurance for its closure.

{¶ 6} Appellants (R & D Chemical and Dr. John Cunningham) appealed to the Court of Appeals for Morrow County. The court of appeals affirmed the judgment of the trial court. Specifically, the court affirmed the findings of the trial court on the basis that appellants failed to properly file a trial transcript.

{¶ 7} The cause is now before this court pursuant to the allowance of a discretionary appeal.

---

*Bieser, Greer & Landis, David C. Greer* and *Konrad Kircher*, for appellants.

---

**DOUGLAS, J.**

{¶ 8} This case is fraught with procedural infirmities. The court of appeals affirmed the judgment of the trial court, finding that appellants failed to properly file a trial transcript. Indeed, "where a transcript of any proceeding is necessary for disposition of any question on appeal, the appellant bears the burden of taking steps required to have the transcript prepared for inclusion in the record. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384. Any lack of diligence on the part of an appellant to secure a portion of the record necessary to his appeal should inure to appellant's disadvantage rather than to the

2

disadvantage of appellee." *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 19, 520 N.E.2d 564, 565-566.

{¶ 9} In addition to appellants' omission, we are also confronted with an omission on the part of appellee. Following the entry of judgment of the court of appeals, appellants properly perfected an appeal to this court. Appellants timely filed their notice of appeal, memorandum in support of jurisdiction and merit brief. Appellee filed a memorandum in response to appellants' memorandum in support of jurisdiction. Appellee, however, failed to file its merit brief within the time allowed by the Rules of Practice of this court. Appellee attempted to file its brief beyond the thirty-day period set forth in S.Ct.Prac.R. VI(2) and, as such, appellee's brief was properly rejected by the Clerk. Accordingly, we also denied appellee's request for leave to participate in oral argument. Hence, given appellee's omission in this court, we are tempted to borrow from App.R. 18(C) and find that the facts, issues and assertions properly set forth in appellants' brief, when accepted as correct, reasonably appear to sustain a reversal of the judgment of the court of appeals.

{¶ 10} However, rather than attempt to assess which party is more at fault or which party has committed the more egregious omission, we believe, given the important issues involved in this case and the fact that a trial transcript is indeed available[1], that this case should be decided on the merits. This court has long recognized the fundamental tenet of judicial review in Ohio that courts should decide cases on the merits. *Hawkins v. Marion Correctional Inst.* (1986), 28 Ohio St.3d 4, 28 OBR 3, 501 N.E.2d 1195. "Fairness and justice are best served when a court disposes of a case on the merits." *DeHart v. Aetna Life Ins. Co.* (1982), 69 Ohio St.2d 189, 193, 23 O.O.3d 210, 213, 431 N.E.2d 644, 647.

---

1. On May 3, 1994, a transcript of trial was filed in this court as part of this appeal.

**{¶ 11}** For the foregoing reasons, the judgment of the court of appeals is reversed for the limited reason and on the limited basis that this particular case, because of the importance of the issues involved and notwithstanding its procedural deficiencies, should be decided on its merits. Accordingly, the cause is remanded to that court for further consideration, which consideration should include a review of the trial transcript as part of a merit consideration and disposition.

*Judgment reversed*

*and cause remanded.*

MOYER, C.J., RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

WRIGHT and COOK, JJ., concur separately.

_____

**COOK, J., concurring.**

**{¶ 12}** I concur in the judgment of the majority to reverse and remand the cause to the court of appeals to consider the appeal with the benefit of the trial transcript. As the dissenting appellate judge noted, the visiting trial judge's opinion referred to the trial transcript. Thus, the appellants had seen to it that the trial transcript was timely prepared and submitted to the trial court. It is this fact that persuades me to remand the cause, not the great or small importance of the issues presented by the particular case.

**{¶ 13}** The failure to ensure that the transcript was returned to the court file is the type of oversight permitted to be remedied by courts in the interest of determining cases on the merits. Had the record not shown that the trial transcript was available for review by the trial court, I would have voted to affirm the judgment of the court of appeals. See *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500.

WRIGHT, J., concurs in the foregoing concurring opinion.

_____