[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
These appeals, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, are not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Dannie Jackson appeals his convictions in a bench trial for reckless operation of a motor vehicle, in violation of R.C. 4511.20, and for failing to stop after an accident, in violation of R.C. 4549.02. The trial court imposed respective sentences of fifty dollars and costs and one hundred dollars and costs, and stayed the sentences pending this appeal.
Larry and Tammy Bolden testified that while parked in front of the Peppermint Lounge in Lincoln Heights at 2:30 a.m., a dark-colored car damaged their van's sliding door when it drove on the sidewalk and struck the van. Tammy followed the car in her van for about half a mile before taking down the license-plate number. An off-duty police officer who was checking identifications at the Peppermint Lounge saw the dark car driving away and called police. Officers responded and stopped the car driven by Jackson as it was turning around up the street from the Peppermint Lounge. Tammy Bolden identified the car by its license plates.
Jackson testified, however, that, upon leaving the Peppermint Lounge, he turned his car around. As he drove past the Peppermint Lounge, the Boldens accused him of hitting their van. He denied driving on the sidewalk or hitting the Boldens' van. He offered the contradicting testimony of a witness who said that she had been a passenger in Jackson's car.
In closing argument, counsel for Jackson and the prosecutor agreed that the issue was credibility of the witnesses. The prosecutor relied on testimony by the police officers who said that they saw scrapes on the side of Jackson's car. Jackson argued that the officers had disagreed concerning the location of the damage on Jackson's car. He argued that the officers' testimony was contradicted by his exhibits — photographs that he had taken after the incident for use in a insurance claim. They showed no damage on his car.
In his first assignment of error, Jackson claims that his convictions were against the manifest weight of the evidence. Our review of the record fails to persuade us that the trial court, sitting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered. Tibbs v. Florida (1992),457 U.S. 31, 102 S.Ct. 2211; State v. Thompkins (1997), 78 Ohio St.3d 380,387, 678 N.E.2d 541, 546-547. The weight to be given to the evidence and the credibility of the witnesses were primarily for the trial court, sitting as the trier of fact, to determine.State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The first assignment of error is overruled.
In his second assignment of error, Jackson contends that the trial court abused its discretion in granting the state a second continuance when it failed to notify its witnesses for trial after it had already received one continuance. Because nothing in the record reflects that Jackson raised an objection below, and as we have not been provided a transcript showing that Jackson objected to the continuance by the trial court, the claimed error has not been preserved for appellate review. See App.R. 9(B); see, also,Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384, 385; State ex rel. Montgomery v. R D Chem. Co.
(1995), 72 Ohio St.3d 202, 203-204, 648 N.E.2d 821, 822. The second assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
GORMAN and WINKLER, JJ.
HILDEBRANDT, Presiding Judge.