[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Charles M. Steele appeals from the judgment of the trial court adjudicating him a sexual predator. Steele assigns the following as error: (1) the trial court's lack of jurisdiction; (2) the lack of a final appealable order; (3) the retroactive application of R.C. Chapter 2950; and (4) the ineffectiveness of counsel. We overrule all of the assignments of error.
In January 1995, a jury found Steele guilty of rape, and the trial court sentenced him to a term of incarceration of nine to twenty-five years. In March 2000, while he remained incarcerated, Steele was returned to the trial court for the hearing that gave rise to the adjudication pursuant to R.C. Chapter 2950. In his first assignment of error, Steele now claims that the trial court was divested of jurisdiction to conduct the sexual-predator hearing because almost six years had passed since his 1995 sentence had been imposed. But, because the sexual-predator determination was made prior to Steele's release from incarceration, the trial court had jurisdiction to hold the hearing pursuant to R.C.2950.09(C)(2). See State v. Brewer (1999), 86 Ohio St.3d 160;712 N.E.2d 736, at syllabus. Steele's first assignment of error is overruled.
In his second assignment of error, Steele claims that the trial court erred in not preparing a final appealable order. But the record discloses that the court placed of record an entry adjudicating Steele a sexual predator. Furthermore, under R.C. 2950.09(C)(2)(b)(v), such an order was final and appealable. Steele's second assignment of error is overruled.
Steele's third assignment of error claims that R.C. Chapter 2950 violates the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of the Ohio Constitution. This assignment of error is overruled on the authority of State v. Cook (1998),83 Ohio St.3d 404, 700 N.E.2d 570, certiorari denied (1999), 525 U.S. 1182,119 S.Ct. 1122.
In his fourth and final assignment of error, Steele asserts the ineffectiveness of his counsel at the sexual-predator hearing. But, we are precluded from reviewing the merits of this claim because Steele has failed to provide for review the entire record of the hearing. See App.R. 9(B). When portions of the record necessary to resolve the assigned errors are omitted, this court has no choice but to presume the validity of the lower court's proceedings. See Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385; State ex rel.Montgomery v. R D Chem. Co. (1995), 72 Ohio St.3d 202, 203-24,648 N.E.2d 821, 822. Therefore, we overrule Steele's fourth assignment of error.
The judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.