[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The plaintiff-appellant, Roman Yegudin, appeals from the trial court's judgment that the parties had entered into a valid express contract and that he owed $1,264 to the defendant-appellee, Household Products of Ohio, Inc.
App.R. 9, 10(A), and 16(A)(3) impose a duty on all appellants to provide a complete record for our review prior to submission of the case. When portions of the record necessary for resolution of assigned errors are omitted from the record, this court has no choice but to presume the validity of the lower court's proceedings and affirm. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385; Stateex rel. Montgomery v. R D Chem. Co. (1995), 72 Ohio St.3d 202,203-204, 648 N.E.2d 821, 822. The record in this case does not include a transcript of the proceedings before the trial court conducted on June 14, 2001, that resulted in the judgment from which Yegudin appeals. As Yegudin has omitted portions of the record necessary for resolution of his assigned errors, we have no choice but to presume the validity of the lower court's proceedings.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Winkler, JJ.