[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In two interrelated assignments of error, plaintiff-appellant Larry Kaiser appeals from the probate court's December 29, 2000, decision adopting the magistrate's approval of the final account submitted by defendant-appellee Leslie Thomas, the guardian of Kaiser's person and estate during a period of incompetence. Kaiser had filed exceptions to Thomas's financial administration of his estate, including her payment of attorney fees for advice on bankruptcy issues. After receiving five continuances, Kaiser failed to appear before the magistrate for an October, 19, 2000, hearing. The magistrate approved the final account submitted by Thomas and set the case for hearing in the probate court. Because Kaiser has failed to demonstrate error by the probate court in accepting the final account, the assignments of error are overruled.
Kaiser first claims that during the October 19, 2000, hearing, the magistrate stated that she had never received his exceptions and exhibits, had not reviewed or seen the exceptions and exhibits, and had no knowledge of their existence. In any appeal, the appellant bears the burden of showing error by reference to matters in the record. See App.R. 9(B); see, also, Knapp v. Edwards Laboratory (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385; State ex rel. Montgomery v.R D Chem. Co. (1995), 72 Ohio St.3d 202, 203-204, 648 N.E.2d 821, 822. In this case, Kaiser's exceptions and exhibits were properly filed before the October hearing, and they appear in this record. The magistrate's November 6, 2000, order affirmatively demonstrates that she considered his exceptions. Kaiser has not provided a transcript of the proceedings that demonstrates otherwise. Therefore, Kaiser's first assignment of error is overruled. See App.R. 9(B).
In his second assignment of error, Kaiser alleges that the probate court demonstrated "partiality" by permitting Thomas to negligently administer Kaiser's estate. We have reviewed the record certified to us in its entirety, including the transcript of the December 19, 2000, hearing before the probate court, which Kaiser did not attend. In adopting the final account, the probate court's judgment is supported by some competent, credible evidence going to all essential elements of the case; therefore, the second assignment of error is overruled. See Myersv. Garson (1993), 66 Ohio St.3d 610, 614, 614 N.E.2d 742; See, also,C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus.
Accordingly, Kaiser's assignments of error are overruled and the judgment of the probate court affirmed. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.