[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant Teresa Thibodeaux appeals from the domestic relations court's denial of her motion for relief from judgment made pursuant to Civ. R. 60(B). The motion was made over eight months after Thibodeaux, her former spouse, plaintiff-appellee Louis Thibodeaux, M.D., and their counsel had signed an amended shared-parenting agreement. The agreement was reached after each party had moved the court to amend an earlier plan, and after the court had received the report of an expert it had appointed to evaluate the family situation.
 {¶ 3} In her motion for relief from judgment, Thibodeaux sought to vacate the agreement, claiming that she had signed the agreement "through mistake and fraud" and at the coercive insistence of her former attorney. In June and July 2001, a domestic relations magistrate conducted hearings on the motion, including receiving the testimony of Thibodeaux, her sister, and her former attorney. The magistrate rejected her motion for relief, finding that Thibodeaux had met with her former attorney to review the language of the proposed shared-parenting plan, that she was presented with the option of rejecting the agreement and proceeding to trial, and that, while she was emotional at the time of the signing, she had appeared in court with her former attorney and had not then objected to the shared-parenting plan. The domestic relations court reviewed the magistrate's decision and overruled Thibodeaux's objections.
 {¶ 4} In a single assignment of error, Thibodeaux contends that the trial court erred in overruling her objections to the magistrate's amended decision and findings of fact and conclusions of law. A reviewing court will not reverse a trial court's decision on a motion for relief from judgment unless the trial court has abused its discretion. See GTEAutomatic Elec., Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146,148, 351 N.E.2d 113. Abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. A party seeking relief from judgment pursuant to Civ. R. 60(B) must show (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in the rule; and (3) that the motion is timely filed. See GTE Automatic Elec., Inc. v. ARC Indus., Inc., paragraph two of the syllabus; see, also, Argo Plastics Products Co. v.Cleveland (1984), 15 Ohio St.3d 389, 391, 474 N.E.2d 328.
 {¶ 5} Here, there is no dispute that the motion was timely filed. Thibodeaux proposes that her "meritorious defenses" to the judgment entered by the court were as follows: the court failed to ensure that the shared-parenting agreement was fair, just, and reasonable; that it could not have done so where it relied upon the incompetent report of the court-appointed expert; and that the fraud of her former attorney compelled her to sign the agreement. See Civ. R. 60(B)(1), (3), and (5).
 {¶ 6} First, we note that the court-appointed expert's report is not part of the record certified to this court for review. The domestic relations court overruled Thibodeaux's motion to supplement the record, noting that the expert's report "does not appear at any place as an item filed with the Clerk of Courts in the subject matter, nor as an exhibit received in any evidentiary hearing or proceeding in this cause, and is not otherwise an original paper within the contemplation of App. R. 9." This court has twice overruled Thibodeaux's motions to supplement the record with the report. See App. R. 9(E). A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. See State v. Ishmail (1978), 54 Ohio St.2d 402, 377 N.E.2d 500, paragraph one of the syllabus.
 {¶ 7} App. R. 9 and 10(A) impose a duty on all appellants to provide a complete record for our review prior to submission of the case. When portions of the record necessary for the resolution of assigned errors are omitted, this court has no choice but to presume the validity of the lower court's proceedings and affirm. See Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384; see, also,State ex rel. Montgomery v. R D Chem. Co., 72 Ohio St.3d 202,203-204, 1995-Ohio-21, 648 N.E.2d 821.
 {¶ 8} The record reflects that Thibodeaux entered into the agreed shared-parenting plan as an in-court settlement of her and her former spouse's motions to alter the parenting arrangements. As long as the domestic relations court was satisfied that the plan was not procured by fraud, duress, overreaching or undue influence, the court had the discretion to accept it without separately making a finding that it was fair and equitable. The agreement constituted a binding contract, and "[n]either a change of heart nor poor legal advice [was] a ground to set [it] aside." Walther v. Walther (1995), 102 Ohio App.3d 378, 383,657 N.E.2d 332.
 {¶ 9} Finally, the record does not support Thibodeaux's claim that her former attorney improperly coerced her to sign the agreement. Thibodeaux was given ample opportunity and time to review the language of the plan, to ask questions about it, to seek other advice, to retain new counsel, or to refuse to sign it. See, e.g., Millstein v. Millstein, 8th Dist. Nos. 79617, 79754, 80184, 80185, 80186, 80187, 80188, and 80963, 2002-Ohio-4783. Moreover, Civ. R. 60(B)(3) entitles a party to relief only upon the fraud, misrepresentation, or misconduct of "an adverse party." Similarly, the Ohio Supreme Court has noted that "[t]o avoid a contract on the basis of duress, a party must prove coercion by the other party to the agreement. It is not enough to show that one assented merely because of difficult circumstances that [were] not the fault of the other party."Blodgett v. Blodgett (1990), 49 Ohio St.3d 243, 246, 551 N.E.2d 1249.
 {¶ 10} Based upon our review of the record properly before this court, Thibodeaux did not present a meritorious defense or entitlement to relief from the judgment. We hold that the trial court did not abuse its discretion in refusing to vacate the agreed shared-parenting plan. The assignment of error is overruled.
 {¶ 11} Therefore, the judgment of the trial court is affirmed.
 {¶ 12} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Painter, P.J., Gorman and Sundermann, JJ.