[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Plaintiff-appellant Sharon Miller appeals from the judgment entered by the trial court dismissing her complaint with prejudice.
 {¶ 3} On August 18, 1998, Miller, while driving a car owned by Pamela Rodgers, collided with a car driven by Oris A. English. Miller filed a complaint against English for damages on November 25, 1998, under the case number A-9806738. On November 17, 1999, Miller apparently filed a notice of voluntary dismissal pursuant to Civ.R. 41(A). No record of this case was transmitted to this court.
 {¶ 4} On August 14, 2000, Miller refiled the complaint against English, under a new case number, A-0005036. On August 29, 2001, Miller's counsel filed an affidavit and requested service by publication, other methods of service having failed. Service by publication apparently began on or about September 10, 2001, and ended on or about October 15, 2001, and a notice of publication was filed on September 17, 2001.[1] On October 18, 2001, English moved to dismiss for insufficiency of process. On September 23, 2002, Miller filed a supplemental memorandum in opposition to the motion to dismiss in which she noted that no determination about the amount of time that the original statute of limitations should be extended had yet been made. We glean from the limited record that a hearing on the motion to dismiss was finally conducted by the trial court on October 15, 2002, but no transcript of that hearing has been transmitted to this court. On January 16, 2003, the trial court journalized an order dismissing with prejudice Miller's refiled complaint.
 {¶ 5} In her single assignment of error, Miller now contends that "the time for commencement of an action should be extended when the Defendant has a history of incarceration, absconding, and concealment." Clearly, the trial court rejected the arguments advanced by Miller at the hearing. In the absence of a complete record, this court has no choice but to presume the validity of the lower court's proceedings and affirm.[2] Moreover, in our review of the limited record we note that service by publication could not have been perfected based on the affidavit filed by Miller, even if the required time[3] for service was met.
 {¶ 6} The current version of Civ.R. 4.4(A) provides, "The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the defendant, and that the residence of the defendant cannot be ascertained with reasonable diligence."
 {¶ 7} The affidavit filed by Miller's counsel noted that when service upon English by certified mail had failed, ordinary mail was used. Miller's counsel further stated in the affidavit that "the defendant's address is unknown despite Affiant having made all reasonable efforts to ascertain said address." The affidavit concluded with the statement that, due to the lack of a current address of the defendant, service could not be made by any means other than by publication.
 {¶ 8} As this court has already held, strict compliance with the service-by-publication rules is required.[4] Several other appellate districts that have considered the issue of strict compliance with Civ.R. 4.4(A) have ruled similarly.[5] Perfunctory attempts at service are not satisfactory.[6] It is undisputed that the affidavit in this case did not detail what reasonable efforts had been made to ascertain English's residence. Because the affidavit did not meet the requirements of Civ.R. 4.4(A), service by publication was defective.[7]
Accordingly, we overrule Miller's single assignment of error.
 {¶ 9} Therefore, we affirm the judgment of the trial court.
 {¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Gorman and Winkler, JJ.
[1] In the Notice of Publication in the record (t.d. 10), the wrong year is given for the filing of Miller's complaint in the case numbered A-0005036.
[2] See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384; State ex rel. Montgomery v. R D Chem. Co. (1995),72 Ohio St.3d 202, 203-204, 1995-Ohio-21, 648 N.E.2d 821.
[3] See Civ.R. 3(A).
[4] See Anstaett v. Benjamin, 1st Dist No. C-010376, 2002-Ohio-7339, ¶ 14.
[5] See Granger v. Sammons (Sept. 2, 1998), 9th Dist. No. 18819;Keathley v. Bledsoe (Feb. 7, 2001), 9th Dist. No. 19988; Stevenson v.Stevenson (June 26, 2000), 5th Dist. No. 1999 CA0036546; Meadows v.Meadows (1992), 73 Ohio App.3d 316, 321, 596 N.E.2d 1146.
[6] See Sizemore v. Smith (1983), 6 Ohio St.3d 330, 332,453 N.E.2d 632.
[7] See Anstaett v. Benjamin, 1st Dist No. C-010376, 2002-Ohio-7339, ¶ 17.