OPINION
{¶ 1} Sherry Lee Johnson, represented by counsel, is appealing from the sentences imposed upon her following her plea of guilty to one count of conspiring to commit murder, three counts of attempted aggravated arson, and one count of possession of criminal tools. She was eventually sentenced to a ten year term for the conspiracy to commit murder, eight years incarceration on two of the attempted aggravated arson charges, five years on the third attempted aggravated arson charge, and six months on the possession of criminal tools, all to be served concurrently. Her sole assignment of error on appeal is that the trial court imposed a sentence that was "excessive and contrary to law," in other words, too harsh.
 {¶ 2} This case involves a scheme hatched by the defendant, to kill her husband's girlfriend with the help of the defendant's own seven year old son and a companion friend of his, also a juvenile, by igniting a propane heater in the trailer where the girlfriend lived, which necessarily posed danger to adjoining trailers and involving perhaps the deaths of other people. The motive was revenge, and the appellant argues on appeal that considering her past history, unblemished by criminal conduct, and the trauma she had lived through in her life, including that inflicted upon her by her then husband and his girlfriend, the sentence was too harsh under all the circumstances.
 {¶ 3} The record clearly shows that the trial court considered all the statutory required factors and made its findings and its reasons for those findings on the record in imposing the sentences. The appellant is essentially arguing that the trial court abused its discretion in imposing too harsh a series of sentences.
 {¶ 4} As appellee points out, however, this court has already held that an abuse of discretion claim is not a proper ground for appeal, or a matter for which the statute permits appellate review. R.C. 2953.08(A); R.C. 2953.08(G). State v. Lofton, Montgomery App. No. 19852, 2004-Ohio-169. The basis of our decision and supporting citations are discussed at length in the Lofton case, and we find no need to reiterate them here again.
 {¶ 5} The assignment of error is overruled, and the judgment is Affirmed.
Brogan, P.J., and Donovan, J., concur.
(Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio)