OPINION
{¶ 1} This matter is before the court on the notice of appeal of Armand Parks, filed February 9, 2005. On December 2, 2004, Mr. Parks pled guilty to the following charges: (1) trafficking in cocaine, in an amount more than or equal to one gram, but less than five grams, committed within the vicinity of a school or juvenile; (2) trafficking in cocaine, in an amount more than or equal to ten grams, but less than twenty-five; (3) possession of cocaine, in an amount more than or equal to twenty-five grams, but less than one hundred; (4) trafficking in cocaine, in an amount more than or equal to twenty-five grams, but less than one hundred; and (5) possession of cocaine, in an amount more than or equal to twenty-five grams, but less than one hundred. The trial court sentenced Mr. Parks to a mandatory four years out of a possible maximum five years on count one; a mandatory term of seven years out of a possible maximum eight years on Count 2; a mandatory term of eight years out of a possible maximum of ten years on counts 3, 4 and 5, all to be served concurrently. Upon obtaining a new attorney, Mr. Parks filed a motion to withdraw his guilty plea. Following a hearing, during which Mr. Parks and his original attorney testified, the trial court overruled Mr. Parks' motion.
 {¶ 2} Mr. Parks' first assignment of error is as follows:
 {¶ 3} "THE COURT ABUSED ITS DISCRETION IN REFUSING MR. PARKS THE OPPORTUNITY TO WITHDRAW HIS GUILTY PLEAS PRIOR TO SENTENCING"
 {¶ 4} Crim. R. 32.1 governs withdrawal of a guilty plea and provides that a "motion to withdraw a guilty plea * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his * * * plea." We review the trial court's decision under an abuse of discretion standard of review. State v. McCann (1997),120 Ohio App.3d 505, 513, 698 N.E.2d 470. "A trial court does not abuse its discretion in denying a motion to withdraw a guilty plea (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." State v. Forest, Montgomery App. No. 19649, 2003-Ohio-1945. A change of heart "is not a legitimate basis for withdrawing a guilty plea when Defendant understood, at the time he entered his plea, the minimum and maximum sentences that could be imposed and that no particular sentence * * * had been promised to him." Id.
 {¶ 5} Mr. Parks was represented by highly competent counsel at the time of his plea. While he failed to include a transcript of his plea hearing in the record on appeal, the testimony given at the hearing on the motion to withdraw his plea demonstrates that he received a full plea hearing in accordance with Crim.R. 11, and regularity must be presumed with no evidence to the contrary. The court gave Mr. Parks a complete and impartial hearing on his motion to withdraw his plea, and the court gave full and fair consideration to the motion to withdraw. Mr. Parks testified that the charges and their accompanying potential sentences were explained to him, he said he did not enter his plea in exchange for promises or in response to threats, and he testified that he indicated to the trial court that he understood the proceedings. His subsequent change of heart is not a legitimate basis for the withdrawal of his pleas. Because the trial court did not abuse its discretion in overruling Mr. Parks' motion to withdraw his plea, Mr. Parks first assignment of error is overruled.
 {¶ 6} Mr. Park's second assignment of error is as follows:
 {¶ 7} "THE COURT ABUSED ITS DISCRETION IN ITS IMPOSITION OF SENTENCE"
 {¶ 8} Mr. Parks argues that the sentence the trial court imposed is excessive.
 {¶ 9} Regarding sentencing, "this court has already held that an abuse of discretion claim is not a proper ground for appeal, or a matter for which the statute permits appellate review."State v. Johnson, Montgomery App. No. 20597, 2005-Ohio-2866
(citing R.C. 2953.08(A), (G) and State v. Lofton, Montgomery App. No. 19852, 2004-Ohio-169.) Accordingly, Mr. Park's second assignment of error is overruled, and the sentence imposed by the trial court is affirmed.
Wolff, J. and Fain, J., concur.