OPINION
{¶ 1} These two appeals are consolidated for purposes of the opinion because they deal with siblings and the issues in each case are identical.
 {¶ 2} Appellant William Wright, the biological father of the children, and appellant Robert Walters, the adoptive father of the children, appeal the judgment of the Court of Common Pleas, Probate Court, of Fairfield County, Ohio, which refused to set aside Walters' adoption of the minor children. Appellants assign four errors to the trial court:
 {¶ 3} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN FAILING/REFUSING TO VACATE THE ADOPTION OF THE MINOR CHILDREN AS BEING VOID AB INITIO FOR LACK OF SERVICE UPON APPELLANT, WILLIAM WRIGHT. SERVICE UPON THE BIOLOGICAL FATHER, WHO RESIDED IN BESSEMER, ALABAMA, BY PUBLICATION IN THE LANCASTER, OHIO EAGLE-GAZETTE (WHEN BIOLOGICAL FATHER'S ADDRESS WAS KNOWN OR COULD REASONABLY HAVE BEEN DETERMINED BY THE EXERCISE OF DUE DILIGENCE) RENDERS THE ADOPTION VOID.
 {¶ 4} "II. EVEN ASSUMING, ARGUENDO, THAT THIS COURT FINDS NOTICE BY PUBLICATION PURSUANT TO CIV. R. 73 (E)(6) WAS SUPPORTED BY THE EVIDENCE, THE NOTICE WAS DEFECTIVE, THUS RENDERING THE ADOPTION VOID AB INITIO DUE TO THE FAILURE TO SEPARATELY AND CLEARLY NOTICE (1) THE CONSENT HEARING AND (2) THE BEST INTERESTS HEARING.
 {¶ 5} "III. THE NOTICE BY PUBLICATION WAS DEFECTIVE BECAUSE THE "LAST KNOWN ADDRESS" OF APPELLANT WILLIAM WRIGHT CONTAINED THEREIN WAS BASED UPON HEARSAY. THE INCLUSION OF A LAST KNOWN ADDRESS IS MANDATORY AND FAILURE TO INCORPORATE AN ACCURATE LAST KNOWN ADDRESS RENDERS SERVICE BY PUBLICATION DEFECTIVE.
 {¶ 6} "IV. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THE MOTION TO VACATE A VOID JUDGMENT IS TIME BARRED BY R.C. 3107.16. THERE IS NO TIME LIMIT ON THE FILING OF A MOTION TO VACATE A VOID JUDGMENT."
 {¶ 7} The record indicates appellee Atheena Walters and William Wright were divorced in 1997 in Jefferson County, Alabama. They had two children, David, who was born in 1993 and Ashley, born in 1995. In 1999, Atheena Wright moved to Fairfield County, Ohio, with the children. She began dating appellant Robert Walters and the pair lived together since August of 1999. Atheena Wright and Robert Walters were married on June 14, 2001. Shortly thereafter appellant Walters filed a petition to adopt the Wright children.
 {¶ 8} William Wright, the biological father, was served with notice by publication in the Lancaster Ohio Eagle-Gazette. The trial court found the biological father's consent to the adoption was not necessary because he had failed to communicate with or support the children for a period of one year. The court entered an interlocutory order of adoption on October 22, 2001, and the final order of adoption on January 2, 2002.
 {¶ 9} In October 2003 appellant Robert Walters, the adoptive father, filed a complaint for divorce from the children's mother Atheena Walters. In December of 2003, the adoptive father filed a motion to vacate the adoptions, arguing they were void ab initio because of failure of service on the biological father, William Wright. Walters then located appellant William Wright, who filed a motion to join in the proceeding to set aside the adoptions. The two appellants argued the adoption was void ab initio for failure to give the required notice, or in the alternative, asked the court to vacate the adoptions pursuant to Civ. R. 60 (B).
 I, II, III {¶ 10} The right of a parent to care for his or her children is one of the most fundamental of rights, Santosky v. Kramer
(1982), 455 U.S. 745. The parent-child relationship is a liberty interest protected by the Fourteenth Amendment, Id.
 {¶ 11} Due process of law requires adequate notice and an opportunity to be heard before parental rights are terminated,In Re: Adoption of Greer (1994), 70 Ohio St. 3d 293. R.C.3107.07 requires a parent's consent to the adoption, but creates an exception. Consent is not required if the parent has failed to communicate with the child or support the child for a period of at least one year prior to the filing of the petition, In Re:Adoption of Holcomb (1985), 18 Ohio St. 3d 361. The party petitioning for adoption bears the burden to prove by clear and convincing evidence there was no justifiable cause for the parent's failure to communicate with or support the child, Id. Once the petitioner establishes by clear and convincing evidence the natural parent has failed to communicate or support for the requisite one-year period, the burden of going forward with evidence shifts to the natural parent to show some justifiable cause for the failure, In Re: Adoption of Bovett (1987),33 Ohio St. 3d 102.
 {¶ 12} R.C. 3107.16 (B) provides after the expiration of one year after the final adoption order is issued, the decree cannot be questioned by any person, including the petitioner, in any manner or upon any ground including failure to give the required notice. The only exception is if in the case of an adoption by a minor or step-parent, the adoption would not have been granted but for fraud perpetrated by the petitioner or petitioner's spouse.
 {¶ 13} Appellants urge In Re: Adoption of Knipper (1986),30 Ohio App. 3d 214 is dispositive of the case. The Knipper
court found the one year time limit was unconstitutional as applied to the biological mother because the adoptive parent failed to use reasonable diligence to discover the biological mother's address and provide notice prior to the adoption of the child.
 {¶ 14} The court found although appellee Atheena Walters could have gone to further lengths to locate the biological father, appellant Wright, she nevertheless did exercise reasonable diligence. The court noted reasonable diligence has been defined as the diligence or care expected of a person of ordinary prudence, and depends upon the particular facts and circumstances of each case.
 {¶ 15} At the time the adoption petition was filed, the biological father William Wright was residing in Bessemer, Alabama, at the same address he and Atheena Walters had resided during their marriage. The home was awarded to him in the divorce settlement. William Wright produced evidence his parents lived across the street from this residence, and his brother, just down the street.
 {¶ 16} The trial court found nevertheless appellee Atheena Walters exercised reasonable diligence to find the biological father's residence. The court found in May 2001, appellee Atheena Walters got notice of an impending foreclosure on the Bessemer, Alabama residence. The court found appellant Wright had not paid any child support since 1997 and had not seen the children or contacted them since August of 1999.
 {¶ 17} Wrights' parents had some contact with the children. For this reason, the court found it reasonable for Atheena Walters to contact appellant Wright's parents to locate him. Appellant's parents told her they did not know where he was living. In June of 2001, Atheena Walters met with appellant's parents at their home for dinner and was again told they did not know where appellant Wright was. Atheena Walters observed the residence appeared abandoned. The court found she also contacted the telephone company, the child support enforcement bureau, the Internet, appellant's ex-wife, a friend of his, and a former employer. None of these sources provided any information as to appellant Wright's whereabouts.
 {¶ 18} Our standard of reviewing claims a trial court's findings are not supported by the record was set forth by the Supreme Court in C.E. Morris Company v. Foley ConstructionCompany (1978), 54 Ohio St. 2d 279. This court does not weigh the evidence or judge the credibility of the evidence, but rather examines the record to determine whether there is relevant, competent and credible evidence upon which the finder of fact could base its judgment,
 {¶ 19} We have reviewed the record, and we find the trial court did not err in finding Atheena Walters' efforts to locate appellant Wright were reasonable, and she had not fraudulently concealed his address.
 {¶ 20} The statute provides no one may challenge the decree of adoption except by showing the adoption would not have been granted but for fraud. Besides finding no fraud, the court found appellants did not demonstrate the court would not have granted the adoption petition if appellant Wright had been served in another manner. The court found, and appellant Wright does not dispute, he had not contacted his children or paid any support for them in excess of a year.
 {¶ 21} Finally, the trial court found the biological father had actual knowledge of the adoptions within the one year statute of limitations. The trial court found appellant's parents knew of the adoptions around the time they occurred. Appellant Wright testified he had frequent contact with his parents. The court found appellant Wright had actual knowledge shortly after his children had been adopted but waited 27 months to bring his challenge.
 {¶ 22} The first assignment of error is overruled.
 II. {¶ 23} Appellants challenge the content of the notice, urging it was defective, and rendered the adoption void ab initio. It does not appear this particular issue was brought to the trial court's attention, but we will address it.
 {¶ 24} The notice of hearing published in the Eagle-Gazette stated the consent of appellant Wright is not required because he has failed to communicate with the minor children or provide for the maintenance of support for a period of at least one year. It stated the time and place of the hearing on the petition.
 {¶ 25} R.C. 3107. 11 requires the publication must give notice of the filing of the petition and must list the time and place of the hearing.
 {¶ 26} Appellants argue there are two issues to an adoption, namely, consent, and the best interest of the child. While the published notice mentions the consent issue, it does not give notice the court will consider the best interests issue.
 {¶ 27} Appellant cites us to several appellate decisions which held the notice must include both issues. However, the Supreme Court's Rules of Superintendence Standard Probate Forms, Rule 51, Form 18.2 sets forth the form to be used in giving notice of hearing on the petition for an adoption. The notice which ran in the Lancaster Eagle-Gazette is identical to the form promulgated in the Rules.
 {¶ 28} The second assignment of error is overruled.
 III. {¶ 29} In their third assignment of error, appellants urge the notice by publication was defective because the last known address of the biological father was based on hearsay. Appellee Atheena Walters' affidavit gives an address in Bessemer, Alabama, but not the address where appellant and appellee had lived. Appellants cite us to Meadows v. Meadows (1992),73 Ohio App. 3d 316, as authority for the proposition the notice is void if it does not contain an accurate last known address. Appellants are incorrect. In fact, the Meadows court reviewed a situation where there was no last known address listed at all. The court found the affidavit was facially defective, and therefore void.
 {¶ 30} We have reviewed the affidavit, and find it is facially valid. We further find the argument it contains hearsay to be specious at best, because any effort to locate an address involves contact with outside sources.
 {¶ 31} The third assignment of error is overruled.
 IV. {¶ 32} In their fourth assignment of error, appellants argue the court erred as a matter of law in finding a motion to vacate a void judgment is time barred. While appellants are correct in stating a void judgment may be vacated at any time, the trial court found, and we agree, the judgment in question is not void.
 {¶ 33} Appellants' motion was also brought pursuant to Civ. R. 60 (B). The trial court correctly cited GTE AutomaticElectric v. ARC Industries (1976), 47 Ohio St. 2d 146. GTE
requires: (1) the parties has a meritorious defense or claim to present if relief is granted; the party is entitled to relief under one of the grounds stated in Civ. R. 60; and (3) the motion is made within a reasonable time. The trial court found the biological father had actual knowledge of the adoptions but waited 27 months to challenge them. We note the biological father has never challenged the court's finding his consent was not required or demonstrated the outcome of the case would have been different.
 {¶ 34} We find the court did not err in finding even if the motion is not time-barred pursuant to R.C. 3107.16, the appellants have not demonstrated they are entitled to relief under Civ. R. 60(B). Accordingly, the fourth assignment of error is overruled.
 {¶ 35} For the foregoing reasons, the judgments of the Court of Common Pleas, Probate Division, of Fairfield County, Ohio, are affirmed.
Gwin, P.J., Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Probate Division, of Fairfield County, Ohio, is affirmed. Costs to be split between the appellants.