OPINION
{¶ 1} Defendant, Paul Shropshire, appeals from his convictions on two counts of gross sexual imposition involving a minor under thirteen years of age, R.C. 2907.05(A)(4), which were entered on guilty verdicts returned by a jury, and *Page 2 
concurrent prison terms of three years imposed for each of those two offenses.
 {¶ 2} On July 3, 2005, Nickala Gilkey returned to her home to discover her stepfather, Defendant Shropshire, sexually abusing Gilkey's twelve year old daughter, S.P. Gilkey observed them on the floor in the upstairs hallway, "tongue kissing." Defendant's hands were under S.P.'s clothing and he was fondling her breasts and buttocks.
 {¶ 3} Gilkey called her father, James Wilcoxson, who called the police. Subsequent interviews of S.P. produced allegations of similar conduct on a prior occasion. S.P. also alleged that, on several occasions, Defendant had penetrated S.P.'s vagina with his finger or his penis.
 {¶ 4} Defendant was charged by indictment with seven offenses: two counts of gross sexual imposition involving a minor under thirteen years of age, R.C. 2907.05(A)(4), and five counts of rape of a minor less than thirteen years of age, R.C. 2907.02(A)(1)(b).
 {¶ 5} The case was tried to a jury on June 19, and 20, 2006. Following opening statements, the court made the following announcement:
 {¶ 6} "THE COURT: Any who expects to be a witness in this trial is asked at this time to leave the courtroom. Very *Page 3 
well.
 {¶ 7} "MS. DODD: All right. The State will call its first witness, Nickala Gilkey.
 {¶ 8} "(Oath administered)
 {¶ 9} "THE COURT: Before we get started, I'm going to hold counsel individually responsible for their witnesses as people come and go out to — for that order regarding separation.
 {¶ 10} "Please proceed.
 {¶ 11} "MR. VANNOY: Thank you.
 {¶ 12} "MS. DODD: Thank you, your Honor." (T. 23).
 {¶ 13} Evidence was presented by the State, and at the close of the State's case-in-chief the trial court granted Defendant's Crim.R. 29 motion for a judgment of acquittal of one of the five rape charges. The case was submitted to the jury following the Defendant's case, in which Defendant testified and denied the criminal conduct alleged.
 {¶ 14} The jury returned verdicts of not guilty on the remaining four rape charges and guilty on the two charges of gross sexual imposition. Following imposition of sentence on his convictions for those offenses, Defendant filed a timely notice of appeal
 FIRST ASSIGNMENT OF ERROR *Page 4 
 {¶ 15} "THE TRIAL COURT ERRED IN NOT ALLOWING THE APPELLANT'S WIFE TO TESTIFY AS A REBUTTAL WITNESS."
 {¶ 16} The record does not exemplify the error Defendant assigns.
 {¶ 17} S.P. testified that on two occasions Defendant penetrated her vagina with his penis. On cross-examination, in response to specific questions, S.P. described Defendant's penis, and said that she saw no dark spots or birthmarks on the head of Defendant's penis. (T. 134-135).
 {¶ 18} Defendant contends that he asked to call his wife as a witness to rebut S.P.'s testimony that the head of his penis lacks dark spots or birthmarks, but the trial court denied Defendant the right to call his wife because, by remaining in the courtroom, she heard S.P.'s testimony and violated the court's order on separation of witnesses.
 {¶ 19} Evid.R. 615 provides for separation of witnesses, that is, exclusion of prospective witnesses from the courtroom during the presentation of evidence elicited from other witnesses. The rule mandates an order of exclusion on the request of a party. The court may make the order on its own motion, as the court did here.
 {¶ 20} Where a separation order is violated by a witness or a party, the court may take remedial measures, including *Page 5 
refusing to permit the witness to testify. State v. Waddy (1992),63 Ohio St.3d 424. The court may be reversed only for an abuse of discretion in taking such measures. Id. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.State v. Adams (1980), 62 Ohio St.2d 151.
 {¶ 21} We are unable to determine whether the trial court abused its discretion on the contention Defendant makes, for two reasons.
 {¶ 22} First, because the trial proceedings were recorded in the video medium, and the video recording in the appellate record is the transcript, Defendant was required to "type or print those portions of the transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to (his) brief." App.R. 9(A). Defendant failed to do that.
 {¶ 23} Defendant submitted a typed and certified transcription of the videotaped trial proceedings, but that transcription does not reflect that Defendant asked to call his wife as a witness, that the court denied his request, or why. Defendant argues that he should not be charged with that failure because he asked the official reporter who prepared *Page 6 
the typed transcription to include all the proceedings, and the reporter failed to do that. However, it is the duty of an appellant to make sure that the error he assigns is exemplified in the record on appeal.State ex rel. Montgomery v. RD Chemical Co., 72 Ohio St.2d 202,1995-Ohio-21.
 {¶ 24} Defendant contends that those proceedings in which his request was denied took place in chambers. If they were not made a part of the video record for that reason, Defendant could have prepared and submitted a statement pursuant to App.R. 9(C) or an agreed statement on the record pursuant to App.R. 9(D), showing what occurred during those proceedings. Defendant has done neither, and therefore the error he assigns not been preserved for appellate review. State v. Brooks (1989),44 Ohio St.3d 185.
 {¶ 25} Second, Evid.R. 103(A)2) provides that error may not be predicated on a ruling that excludes evidence "unless a substantial right of the party is affected, and . . . the substance of the evidence was made known to the court by offer or was apparent from the context in which questions were asked." Counsel's proffer of what the witness would say is necessary for us to determine on appeal whether prejudice resulted from the court's ruling.
 {¶ 26} Defendant did not proffer for the record the *Page 7 
substance of what his wife would say if called to testify, under oath; that is, the particular facts she would relate to the jury. Therefore, we are unable to find that Defendant was prejudiced by the ruling he claims the court made.
 {¶ 27} These failures are significant because the proceedings in the trial court enjoy a presumption of correctness, and in order to find reversible error on appeal, we must conclude that the record of those proceedings exemplifies error sufficient to overcome that presumption, and, further, that a defendant's substantial rights were violated. Absent prejudice to the defendant's rights that rises to that level, the error must be disregarded as harmless. Crim.R. 52(A).
 {¶ 28} We mention the standard imposed by Crim.R. 52(A) for an additional reason. The appearance of Defendant's penis and S.P.'s recollection of that matter related most directly to at least two of the rape charges, but Defendant was acquitted of all the rape charges. He was instead convicted of two counts of gross sexual imposition, on evidence of sexual contact, R.C. 2907.01(B), that did not involve his penis or its appearance. Further, one of those convictions was based on the testimony of S.P.'s mother, Nickala Gilkey, relating what she saw when she encountered Defendant and S.P. together on *Page 8 
July 3, 2005.
 {¶ 29} S.P.'s credibility was in issue, but her recollection of the appearance of Defendant's penis was a marginal issue in relation to the evidence of gross sexual imposition the State offered at trial. It would be difficult to conclude that Defendant's substantial rights were violated by a ruling that, if it occurred, was within the scope of the discretion conferred on the court by Evid.R. 403(A).
 {¶ 30} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 31} "THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO THREE YEARS FOR EACH COUNT."
 {¶ 32} Defendant argues that he should have received the minimum sentence, given his minimal prior record and the fact that he was found not guilty of four counts of rape, consistent with the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, only a few of which indicate a likelihood of recidivism.
 {¶ 33} Defendant was convicted of felonies of the third degree, which carry a potential sentence of one to five years. R.C. 2907.05(B)(2),2929.14(A)(3). The trial court sentenced Defendant to a mid-range term, three years, on each count, to *Page 9 
be served concurrently. Defendant essentially argues that the trial court abused its discretion in imposing too harsh a sentence. We have previously held that an abuse of discretion claim is not a proper ground for appealing a sentence, or a matter for which R.C. 2953.08 permits appellate review. State v. Lofton, Montgomery App. No. 19852,2004-Ohio-169; State v. Johnson, Montgomery App. No. 20597,2005-Ohio-2866.
 {¶ 34} Defendant's second assignment of error is overruled. The judgment of the trial court will be affirmed.
 BROGAN, J. And DONOVAN, J., concur. *Page 1