DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Melissa F. ("Mother"), appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that denied her motion to vacate the judgment of the trial court that terminated her parental rights to her three minor children. This Court affirms.
 I. {¶ 2} Mother is the natural mother of J.P., born April 25, 1995; A.F., born April 20, 1999; and A.F., born July 30, 2002. Following a permanent custody hearing, at which Mother appeared with counsel, the trial court terminated *Page 2 
Mother's parental rights to all three children on July 29, 2006. Mother did not appeal from that judgment.
 {¶ 3} On June 20, 2007, Mother filed a motion to vacate the permanent custody decision pursuant to Civ.R. 60(B). She raised various challenges to the merits of the trial court's permanent custody decision and also maintained that the fathers of her children were not properly served with either the complaint or the permanent custody motion. Mother maintained that, due to the alleged defects in service, the trial court had never acquired jurisdiction over the parties.
 {¶ 4} Following a hearing on Mother's Civ.R. 60(B) motion, the trial court found that both fathers had been properly served and, consequently, it denied Mother's motion to vacate judgment. Mother appeals and raises one assignment of error.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED BY OVERRULING [MOTHER'S] MOTION TO VACATE AS SERVICE OF PROCESS WAS DEFECTIVE AND THE JUNE 29, 2006 [JUDGMENT] ENTRY WAS VOID AB INITIO."
 {¶ 5} Mother contends that the trial court erred in denying her motion for relief from judgment. Although Mother's Civ.R. 60(B) motion had raised several grounds for relief, she contends on appeal only that the trial court's judgment was void ab initio due to a lack of proper service. *Page 3 
 {¶ 6} Mother asserted that the trial court's judgment was void because neither father of the children had been properly served with the complaint or the permanent custody motion. Through her motion for relief from judgment, Mother challenged the trial court's personal jurisdiction, or its power to enter a valid judgment against an individual. See Meadows v. Meadows (1992), 73 Ohio App.3d 316, 319. She did not dispute that the trial court had properly acquired personal jurisdiction over her, but instead maintained that the trial court lacked personal jurisdiction over the fathers of the children due to the alleged defects in service.
 {¶ 7} Even if we were to assume that Mother had standing to raise the issue of defective service on the fathers, she was required to raise the issue in a timely manner in the trial court. Mother made several appearances in the trial court prior to the final judgment, including at the permanent custody hearing, but there is nothing in the record to indicate that she ever raised any issue about a defect in the service on the fathers of the children. Personal jurisdiction is waived if not raised through the first pleading, motion, or appearance in the trial court. In re Shepard (Mar. 26, 2001), 4th Dist. No. 00CA12, at *4; see, also In re MM. (Feb. 7, 2002), 8th Dist. No. 79947, at *4. Moreover, in juvenile proceedings, any defects in the institution of juvenile proceedings must be raised prior to the adjudicatory hearing. See Juv.R. 22(D). Although the party who allegedly was not served may later attack the validity of the judgment entered *Page 4 
against him, the same is not true for other parties to the action who were properly served. See In re Ciara B. (July 2, 1998), 6th Dist. No. L-97-1264. The judgment against Mother was not rendered void due to any alleged lack of service on the fathers of the children. Id.
 {¶ 8} As Mother sought to challenge the court's personal jurisdiction over the fathers, she should have raised this issue long before the trial court's permanent custody decision, not after. Mother waited almost an entire year after the final judgment in this case to file a Civ.R. 60(B) motion and raise this issue for the first time. Civ.R. 60(B) should not be used as a substitute for appeal or to correct errors that should have been timely raised in the trial court. See Rakosky v.Physician Providers, Inc, 4th Dist. No. 07CA758, 2007-Ohio-6574, at ¶ 12.
 {¶ 9} Moreover, even if this issue could be raised after the final judgment, to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), Mother was required to demonstrate that the motion was made within a reasonable time. GTE Automatic Elec, Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Mother offered no explanation for why it took her nearly one year after the trial court's permanent custody judgment to seek relief.
 {¶ 10} The trial court did not abuse its discretion in denying Mother's Civ.R. 60(B) motion for relief from judgment. The assignment of error is overruled. *Page 5 
 III. {¶ 11} Mother's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 6 
 SLABY, J., WHITMORE, J., CONCUR *Page 1