[Cite as *State v. Powell*, 2013-Ohio-5561.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

RONALD J. POWELL

    Appellant

C.A. No.    26715

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR 07 07 2126
                 CR 09 01 0097

DECISION AND JOURNAL ENTRY

Dated: December 18, 2013

BELFANCE, Judge.

{¶1} Ronald Powell appeals the trial court's denial of his motion for judicial release. For the reasons set forth below, we affirm.

I.

{¶2} In 2008, Mr. Powell pleaded guilty to domestic violence, felonious assault, violating a protection order, and aggravated possession of drugs (case CR2007-07-2126) and was sentenced to 10 years and 6 months in prison. However, the trial court suspended the sentence and placed Mr. Powell on community control. Subsequently, Mr. Powell pleaded guilty to aggravated possession of drugs on March 30, 2009, in case CR2009-01-0097. The trial court imposed a 12-month sentence but suspended the sentence and placed Mr. Powell on community control.

{¶3} In September 2011, Mr. Powell was arrested on charges of violating his community control. Mr. Powell pleaded guilty to violating community control on January 23,

2012, and the trial court imposed prison terms of 4 years for case CR2007-07-2126 and 12 months for CR2009-01-0097. The trial court ordered Mr. Powell to serve the sentences consecutively for a total prison term of five years. The trial court also ordered that Mr. Powell receive 265 days of jail-time credit.

{¶4} Mr. Powell moved for judicial release on September 14, 2012, and the trial court held a hearing on the motion on October 16, 2012. The State argued that, pursuant to R.C. 2929.20(C)(3), which governs eligibility of individuals sentenced to five years in prison, Mr. Powell was not yet eligible for judicial release. Mr. Powell's counsel argued that Mr. Powell actually had two sentences that were each less than five years and, thus, R.C. 2929.20(C)(2) applied, making him eligible for judicial release. Mr. Powell's counsel also requested time for additional briefing, which the trial court granted. However, no additional briefing was submitted, and the trial court denied Mr. Powell's motion on October 29, 2012.

{¶5} Mr. Powell has appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN RULING THAT THE APPELLANT DID NOT TIMELY FILE FOR JUDICIAL RELEASE. HOWEVER, IF THIS COURT DETERMINES THAT THE APPELLANT DID NOT FILE FOR JUDICIAL RELEASE AT THE APPROPRIATE TIME, THEN HIS RIGHT TO EQUAL PROTECTION HAS BEEN VIOLATED DUE TO THE MANNER IN WHICH HE WAS SENTENCED WHICH, IN EFFECT, DENIED HIS RIGHT TO EQUAL PROTECTION AS GUARANTEED BY THIS STATE'S AND COUNTRY'S CONSTITUTION.

{¶6} Mr. Powell argues that, because he was awarded 265 days of time served, his actual prison term was only 4 years and 100 days, which is less than 5 years. Therefore, according to Mr. Powell, he was eligible to apply for judicial release after 180 days. He also argues in the alternative that the statute violates his right to equal protection.

**{¶7}** R.C. 2929.20(C)(2) and (3), the statutory provisions at issue before the trial court, provide as follows:

> An eligible offender may file a motion for judicial release with the sentencing court within the following applicable periods: * * *
>
> (2) If the aggregated nonmandatory prison term or terms is at least two years but less than five years, the eligible offender may file the motion not earlier than one hundred eighty days after the offender is delivered to a state correctional institution or, if the prison term includes a mandatory prison term or terms, not earlier than one hundred eighty days after the expiration of all mandatory prison terms.
>
> (3) If the aggregated nonmandatory prison term or terms is five years, the eligible offender may file the motion not earlier than four years after the eligible offender is delivered to a state correctional institution or, if the prison term includes a mandatory prison term or terms, not earlier than four years after the expiration of all mandatory prison terms.

**{¶8}** The trial court sentenced Mr. Powell to prison terms of 4 years and 12 months and ordered the terms to run consecutively. In the trial court, Mr. Powell argued that, because those sentences were for different case numbers, they should not be treated as an aggregate sentence. However, Mr. Powell does not advance that argument on appeal and hence does not challenge the trial court's ruling on the merits of the argument Mr. Powell made below. *See* App.R. 16(A)(7). Instead, Mr. Powell argues for the first time that R.C. 2929.20(C)(2) applies because "[b]y the time [he] reached the [Department of Rehabilitation and Corrections], he was serving a four[-]year sentence[]" since he had received 265 days of jail-time credit. However, he does not develop this argument, cite any supporting authority, or attempt explain why this is a reasonable interpretation of the statute's eligibility requirements. *See* App.R. 16(A)(7). To the extent such an argument could be made, we decline to develop it for him. *See State v. Rapp*, 9th Dist. Wayne No. 12CA0062, 2013-Ohio-4408, ¶ 13.

**{¶9}** Mr. Powell also argues for the first time on appeal that R.C. 2929.20(C)(3) violates his right to equal protection because he would not be eligible for judicial release until

100 days before his prison term ended. Essentially, Mr. Powell is making an as-applied challenge to R.C. 2929.20(C)(3). However, legislative acts are afforded a strong presumption of constitutionality, *State v. Collier*, 62 Ohio St.3d 267, 269 (1991), and the failure to raise a constitutional issue in the trial court forfeits that issue on appeal. *State v. Cross*, 9th Dist. Summit No. 25487, 2011-Ohio-3250, ¶ 41. *See also State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus. While an appellant may still argue the constitutionality under plain error, Mr. Powell has not developed any argument to that effect, and we decline to do so. *State v. Hill*, 9th Dist. Lorain No. 09CA009709, 2011-Ohio-1154, ¶ 5. *See also Rapp* at ¶ 13. *Compare with State v. Peoples*, 151 Ohio App.3d 446, 2003-Ohio-151, ¶ 7, ¶ 24 (10th Dist.) (Offender challenged the constitutionality of former R.C. 2929.20(B)(3) in the trial court).

{¶10} Accordingly, based on the limited arguments Mr. Powell makes on appeal, his assignment of error is overruled.

III.

{¶11} In light of the foregoing, the decision of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

_____
EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

JANA DELOACH, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.