[Cite as *State v. Davis*, 2014-Ohio-5260.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26995 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHRISTOPHER L. DAVIS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 12 10 2982 |

DECISION AND JOURNAL ENTRY

Dated: November 26, 2014

HENSAL, Judge.

{¶1} Christopher Davis appeals his convictions for rape in the Summit County Court of Common Pleas. For the following reasons, this Court affirms and remands.

I.

{¶2} Mr. Davis is the father of D.W., who was born in 1995. D.W. grew up living with her mother, but went to live with Mr. Davis in 2009 when she was 13 years old. According to D.W., a couple of months after she started living with Mr. Davis, he thought that she was bringing boys to the house to have sex with them. He confronted her about it and told her that, if she was going to have sex with other people, she was also going to have sex with him. He began making her have anal sex with him, either during the night when everyone else was sleeping or when nobody else was home. D.W. also testified that she woke up one night and discovered Mr. Davis at her bedside getting ready to ejaculate into her mouth. She said that the sex continued

over several months until the police removed her from Mr. Davis's house after a neighbor saw Mr. Davis choking her.

{¶3} B.C. testified that she was friends with D.W. One night when she was 13 years old, she slept over at Mr. Davis's house. She alleged that, during the night, she woke up and saw Mr. Davis standing in the doorway of the room "playing with his private part." She got up to shut the door, but when she approached the doorway, Mr. Davis grabbed her, covered her mouth, and dragged her downstairs to the basement. When they reached the basement, he tore her clothes off and made her have vaginal sex with him while she screamed for help. When it was over, he told her that, if she told anyone what had happened, he would kill her. B.C. returned to D.W.'s bedroom and woke her up to ask if they could switch sides of the bed, but did not tell her what had happened.

{¶4} Neither D.W. nor B.C. reported what Mr. Davis did to them until 2012. D.W. testified that Mr. Davis had threatened to hurt her infant brother if she told anyone. After the girls reported their experiences, the Grand Jury indicted Mr. Davis for two counts of rape under Revised Code Section 2907.02(A)(2). A jury found him guilty of the offenses, and the trial court sentenced him to ten years imprisonment on each count, which it ordered to run consecutively. Mr. Davis has appealed, assigning three errors.

II.

ASSIGNMENT OF ERROR I

APPELLANT'S CONVICTIONS FOR RAPE WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶5} Mr. Davis argues that his convictions were against the manifest weight of the evidence. To determine whether a conviction is against the manifest weight of the evidence, this Court:

> must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Id.*

{¶6} Mr. Davis argues that his convictions were based solely on the testimony of D.W. and B.C. He points out that there were no corroborating witnesses, no forensic evidence, and no other physical evidence presented to substantiate the charges. He argues that D.W. and B.C. were not credible because they waited two years to make any allegations against him, because there were inconsistencies in their stories, and because their allegations were simply not plausible.

{¶7} Regarding the night of the sleepover, Mr. Davis argues that B.C. was not credible when she testified that he dragged her down the stairs and had sex with her in the basement without waking anyone in the house. He notes that his live-in girlfriend testified that the stairs of the house are squeaky and that she can hear whenever someone is on the staircase because the stairs are just outside her bedroom. Mr. Davis's girlfriend also testified that she would have heard B.C. screaming from the basement. She further testified that B.C. did not say anything to her the next morning about the alleged rape and did not have any scratches or bruises on her. In addition, another of Mr. Davis's daughters testified that she was sleeping in the same room as

D.W. and B.C. during the sleepover and did not hear anything unusual. Regarding D.W.'s allegations, Mr. Davis argues that D.W. was not credible because she did not tell anyone about the incidents until two years after they occurred and because she told a social worker at one point that she "was lying, it's just bullshit."

{¶8} It is the jury's province to take note of inconsistencies in the testimony of the witnesses and resolve or discount them accordingly. *State v. Sykes*, 9th Dist. Summit No. 25263, 2011-Ohio-293, ¶ 21. "Likewise, it is the jury's role to evaluate the credibility of the witnesses, and to determine what weight to give any inconsistencies in the[ir] testimony." *Id*., quoting *State v. Gooden*, 9th Dist. Summit No, 24896, 2010-Ohio-1961, ¶ 30. "[A] jury is free to believe or reject the testimony of each witness * * *." *State v. Miles,* 9th Dist. Summit No. 26187, 2012–Ohio–2607, ¶ 24, quoting *State v. Rice,* 9th Dist. Summit No. 26116, 2012–Ohio–2174, ¶ 35. "[A] verdict is not against the manifest weight of the evidence where the jury's resolution of credibility is reasonable and where the jury ultimately chose to believe the State's witnesses as opposed to defense witnesses." *State v. Brown*, 9th Dist. Summit No. 26490, 2013-Ohio-5112, ¶ 20. "This Court will not overturn the trial court's verdict on a manifest weight of the evidence challenge only because the trier of fact chose to believe certain witness' testimony over the testimony of others." *State v. Hill*, 9th Dist. Summit No. 26519, 2013-Ohio-4022, ¶ 15.

{¶9} The jury had the opportunity to observe each of the witnesses, including the alleged victims, who explained the reasons they had not reported the sexual conduct sooner. Upon review of the record, we conclude that, despite the lack of physical evidence and any inconsistencies in the victims' testimony, this is not the extraordinary case in which the jury clearly lost its way resulting in a manifest miscarriage of justice. *Otten*, 33 Ohio App.3d at 340. Mr. Davis's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW IN IMPOSING CONSECUTIVE SENTENCES.

{¶10} Mr. Davis argues that the trial court failed to include the requisite findings for imposing consecutive sentence in its sentencing entry. He argues that, because a court speaks only through its journal entries, the court's oral pronouncements at the sentencing hearing are insufficient under Revised Code Section 2929.14(C)(4).

{¶11} Section 2929.14(C)(4) provides that a court "may require [an] offender to serve * * * prison terms consecutively if the court finds" certain circumstances existed. Recently, in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, the Ohio Supreme Court held that, in order to impose consecutive sentences, "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *[.]" *Id.* at syllabus. The court does not, however, have to state reasons to support its findings. *Id.* The Supreme Court also held that, if a trial court inadvertently fails to incorporate its statutory findings into its sentencing entry after making the proper findings at the sentencing hearing, such clerical mistakes "may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Id.* at ¶ 30. Regarding Mr. Davis's argument, he correctly notes that, although the trial court made the appropriate statutory findings at his sentencing hearing, it did not incorporate them into its sentencing entry. Accordingly, his sentence must be remanded so that the trial court can correct its entry nunc pro tunc.

{¶12} Mr. Davis next argues, that, even if the trial court's consecutive sentences error is merely "a clerical error that can be corrected by a nunc pro tunc entry, this Court must reverse and remand for resentencing for the failure of the trial court to consider whether these separate convictions for Rape should be merged as allied offenses." At sentencing, Mr. Davis did not

argue that his convictions were allied offenses that should merge for sentencing purposes. "The general rule is that 'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.'" *State v. Awan*, 22 Ohio St.3d 120, 122 (1986), quoting *State v. Childs*, 14 Ohio St.2d 56 (1968), paragraph three of the syllabus. The Ohio Supreme Court has recognized that "[the] imposition of multiple sentences for allied offenses of similar import is plain error." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 31. Mr. Davis, however, has not argued plain error in his appellate brief. *Hendy v. Wright*, 9th Dist. Summit No. 26422, 2013–Ohio–5786, ¶ 14, quoting *State v. Cross*, 9th Dist. Summit No. 25487, 2011–Ohio–3250, ¶ 41. This Court has held that it "will not sua sponte undertake a plain [ ] error analysis if a [litigant] fails to do so." *Id.*, quoting *Cross* at ¶ 41. Accordingly, in light of the fact that Mr. Davis has not argued plain error on appeal, we will not address the issue. *See State v. Winston*, 9th Dist. Summit No. 24761, 2010-Ohio-1354, ¶ 61, citing *State v. Gray*, 9th Dist. Wayne No. 08CA0057, 2009-Ohio-3165, ¶ 7. Mr. Davis's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING
ADMISSION OF THE POLICE REPORT INTO EVIDENCE.

{¶13} Mr. Davis argues that the court should have allowed a police report into evidence under Evidence Rule 803(8). That rule provides:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness: * * * (8) Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and

other law enforcement personnel, unless offered by defendant, unless the sources
of information or other circumstances indicate lack of trustworthiness.

At trial, Mr. Davis attempted to introduce the report of an officer who had interviewed B.C. about the sleepover incident. After the prosecutor argued that the exhibit was hearsay, the trial court excluded it. Mr. Davis argues that, because Rule 803(8) expressly allows law enforcement observations that are "offered by defendant," the court incorrectly excluded the officer's report.

{¶14} In his appellate brief, Mr. Davis has not developed any argument regarding the relevancy of the police report or the prejudice he suffered because it was not admitted. To the extent such arguments could be made, we decline to develop them for him. *See State v. Powell*, 9th Dist. Summit No. 26715, 2013-Ohio-5561, ¶ 8; App. R. 16(A)(7). Mr. Davis's third assignment of error is overruled.

### III.

{¶15} Mr. Davis's assignments of error are overruled. The judgment of the Summit County Common Pleas Court is affirmed and remanded for the trial court to prepare a nunc pro tunc sentencing entry.

Judgment affirmed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
CONCUR.

BELFANCE, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶16} I concur in the majority's judgment but write separately to address the portion of Mr. Davis' second assignment of error dealing with allied offenses.

{¶17} As the Supreme Court has held, the "imposition of multiple sentences for allied offenses of similar import is plain error[,]" *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 31, if the offenses at issue are allied, the failure to merge them would be plain error. Thus, as this Court may not countenance the affirmance of a sentence that is plainly erroneous, I disagree with the unwillingness to address Mr. Davis' argument on the merits. Moreover, Mr. Davis did not need to argue plain error for at least a portion of his assignment of error given the precedent of this Court. *See, e.g., State v. Asefi,* 9th Dist. Summit No. 26430, 2012-Ohio-6101, ¶ 7-8.

{¶18} Mr. Davis' argument on appeal is that the trial court erred in failing to determine whether the offenses at issue are allied. He also argues that, given the trial court's failure to

examine whether the offenses are allied, the matter should be remanded to the trial court for it to consider the issue in the first instance. Mr. Davis is correct that, in the past, where the trial court failed to engage in the allied offense inquiry, this Court has reversed and remanded the matter so that the trial court may conduct the allied offense analysis in the first instance. *See, e.g., id.* at ¶ 8. However, in *State v. Helmick,* 9th Dist. Summit No. 27179, 2014-Ohio-4187, this Court recently concluded that, under certain circumstances, this Court can review an allied offense issue on appeal even where nothing in the record suggests that the trial court considered it in the first instance. *Id.* at ¶ 23-24. We stated that, "[w]here it is apparent from the face of the record that the convictions at issue could not merge, this Court sees no reason to remand the matter for the trial court to consider *Johnson* when its failure to do so clearly constituted harmless error." *Id.* at ¶ 24. Thus, to the extent that Mr. Davis argues that the matter should be remanded for the trial court to conduct the allied offense analysis in the first instance, his argument is not well-taken light of *Helmick.*

{¶19} Here it is apparent from the face of the record that the two rape offenses do not merge. Mr. Davis was convicted of raping two different victims. In his motion to sever, he noted that "[t]he counts in the indictment allege sex offenses against two different individuals at two different times and therefore there is no connection between the two counts." I fail to see how these offenses are allied. *See State v. Clayton*, 9th Dist. Summit No. 26910, 2014-Ohio-2165, ¶ 30 (noting that even where a defendant commits the same offense against different victims as part of the same course of conduct separate convictions are authorized). Mr. Davis' offenses were separately committed and were committed with a separate animus. Thus, the trial court's failure to consider the issue below did not amount to plain error. Accordingly, I agree that his assignment of error should be overruled.

APPEARANCES:

NICHOLAS SWYRYDENKO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.